IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| NIKOLE RUGG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| BIOCLEAN REMEDIATION, LLC ) | |
| and JERRY D. WIERSIG ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** Plaintiff Nikole Rugg (hereinafter "Rugg" or "Plaintiff") by her undersigned attorney, David A. Hughes, and brings this action against Bioclean Remediation, LLC (hereinafter "Bioclean") and Jerry D. Wiersig (hereinafter "Wiersig") for damages and other legal and equitable relief for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.*, ("FLSA") and other laws.  In support thereof, the Plaintiff states the following:

### Jurisdiction and Venue

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*  District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper under 28 U.S.C. §1391(b) because the Defendants are subject to personal jurisdiction in the Southern District of Alabama.

3. At all relevant times herein, the Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and

constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4. At all times material to this action, the Defendants have been an enterprise engaged in the commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

5. At all relevant times herein, the Defendants employed and continue to employ persons in furtherance of the activities of the above enterprise while engaged in interstate commerce. The Defendants engaged and continue to engage in commerce by handling, selling, and/or working on good or materials that have been moved in, or produced for, interstate commerce.

## The Parties

6. Plaintiff Niki Ruggs (hereinafter "Ms. Ruggs" or "Plaintiff") is an individual currently residing at 14865 Chase Court, Summerdale, AL 36580. She was formerly employed by Defendants and performed work for them in the Southern District of Alabama within three years preceding the filing of this lawsuit.  At all times relevant to this action, each Defendant was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an "employee" of each Defendant as defined by § 203(e)(1) of the FLSA.  The Plaintiff's work for the Defendants was such that it engaged in commerce or in the production of goods for commerce and invoked individual coverage under the FLSA.

7. Defendant Bioclean is an Alabama limited liability company headquartered in Magnolia Springs, Alabama. Bioclean has done so at all times relevant for the filing of this complaint, and the time periods referenced in this complaint. At all times relative to this action, Bioclean has had, and continues to have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

8. Bioclean is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

9. Defendant Wiersig is an individual over the age of twenty-one (21) currently residing in the Southern District of Alabama.

10. At all times relevant to the claims made the basis of this suit, Defendant Wiersig was acting in his capacity as manager and had operational control over the day-to-day functions of the Plaintiff, had direct responsibility for the compensation of the Plaintiff, and determined the day-to-day functions of the Plaintiff.  Defendant Wiersig personally had the power to hire and fire the Plaintiff, personally supervised and controlled the Plaintiff's work schedules and conditions of his employment, personally determined the rate and method of payment to the Plaintiff as well as the Defendants' pay policies, and personally had involvement in and, to the extent that they were and are maintained, maintained the pay and employment records of the Plaintiff.

## The Facts

11. The Plaintiff adopts by reference each and every material averment set out above as if fully set forth herein.

12. Plaintiff began working for the Defendants in or around 2015 and worked there until April of 2022.

13. The Defendants employed the Plaintiff to perform, among other job duties, clean mold, water and smoke damage off of buildings, commercial and residential.

14. The Defendants exercised significant control over the Plaintiff and the manner in which she performed her work.  In performing her duties for the Defendant, the Plaintiff performed manual labor and menial tasks. She had no independent discretion and simply implemented the Defendants' decisions and specific procedures. The Defendants supervised the Plaintiff and set all parameters for what work was to be performed and where, when, and how it was to be performed.

15. The Defendants informed the Plaintiff where and when each job was to take place. The Plaintiff worked for the Defendants on jobs in Alabama and Florida.

16. Wiersig frequently personally oversaw the Plaintiff's work.

17. The Plaintiff never provided any invoices to the Defendants for the work she performed.

18. Plaintiff did fill out and give customers Bioclean forms, at Wiersig's direction.

19. The Plaintiff had no opportunity to increase any profits through any managerial skills, as she didn't have profits.

20. The Defendants unilaterally determined the Plaintiff's compensation on a per job basis.

21. The only way the Plaintiff could have increased her own wages while working for Defendants was to have done more cleaning jobs.

22. The Plaintiff made no monetary investment in her employment and all monetary investments relative to the jobs performed by the Plaintiff were made by the Defendants.

23. The Defendant supplied the Plaintiffs with all equipment, supplies and materials necessary for her work with the Plaintiff providing none.

24. The Plaintiff supplied no insurance on any job. The Plaintiff did not purchase or provide any insurance to any customer, to Bioclean, or have any insurance on her work (other than what Bioclean purchased and had on her work).

25. All insurance on every job performed by the Plaintiff was supplied by the Defendant.

26. The service rendered by the Plaintiff was not a specialized skill, was not skilled labor, and required no specialized training.

27. The Plaintiff never employed any specialized skills on any jobs performed for the Defendant, instead performing the same manual labor tasks day after day.

28. Plaintiffs worked solely and only for the Defendants during the relevant statutory period and did not work for any other employers at all during that time.

29. When the Plaintiff wanted time off, she requested time off from the Defendants as employees do.

30. Specifically, she asked Wiersig for any time off.

31. Plaintiff also had to run errands for Wiersig and with Wiersig as part of her employment.

32. The Plaintiff performed an integral part of the Defendants' business, in that the cleaning work that she provided on the jobs assigned to her by the Defendants was, in fact, the whole remediation service provided to Defendants' customers on whose buildings the Plaintiff worked.

33. As such, the Plaintiff was, in fact, an employee of the Defendants, rather than an independent contractor.

34. Plaintiffs was generally on call 24/7, and worked an average of 50 hours per week.

35. The Defendants' customary practice was to have Plaintiff work more than forty (40) hours per week, for which Plaintiff should have received overtime for all hours in excess of forty (40). However, none of the hours which the Plaintiff worked over forty (40) in a workweek were paid at an overtime rate.

36. The Defendants, despite direct knowledge of the Plaintiff's additional work hours, continually paid the Plaintiffs on a basis that ignored and did not compensate her for their overtime hours. The Defendants did this intentionally and willfully with full knowledge of the facts set forth above, in order to avoid paying her for the overtime hours she routinely worked.

37. The Plaintiff was not paid any overtime pay for her hours worked over forty (40) in a workweek.

**COUNT ONE- FLSA VIOLATIONS**

38. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

39. The Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay the Plaintiff the required overtime wages for all of her hours worked over 40 in a workweek.

40. The Defendants' failure to pay the Plaintiff overtime wage is impermissible under the FLSA.

41. The Defendants have failed to properly pay the Plaintiff overtime pay within the last three (3) years preceding the filing of this complaint.

42. The Defendants' willful violations have caused financial damage to the Plaintiff, consisting of loss of pay.

43. At all material times herein, the Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

44. The Defendants' failure to accurately pay overtime wages was, and is, willfully perpetrated. The Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, the Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

45. The Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate as well as reimbursement of his costs, attorneys' fees, and expenses incurred.

46. As a result of these willful violations of the FLSA, compensation has been unlawfully withheld by the Defendants from the Plaintiff for which the Defendants are liable pursuant to 29 U.S.C. § 216(b).

### **Prayer for Relief**

The Plaintiff respectfully requests that the Court grant the following relief:

A.    That the Court issue proper process to compel the Defendants to answer or otherwise plead to the allegations contained in this Complaint;

B.  That this Court award the Plaintiff the amount of his unpaid wages including overtime wages, plus an additional equal amount as liquidated damages;

C.  That this Court award the Plaintiff judgment against the Defendants for all applicable compensatory damages including lost wages, punitive damages, reasonable attorneys' fees, costs, disbursements, and interest;

D.  For such other and further relief as this Court deems equitable, proper and just.

**PLAINTIFF DEMANDS A TRIAL OF THE ISSUES RAISED HEREIN BY A STRUCK JURY ON ALL CLAIMS.**

Dated this 1st day of August, 2022.

Respectfully,

*S/David A. Hughes*
David A. Hughes (ASB 3923-U82D)
*Attorney for Plaintiff*
Hardin & Hughes, LLP
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 523-0463
Fax: (205) 756-4463
E-mail: dhughes@hardinhughes.com

**Please serve Defendant Bioclean Remediation, LLC at:**

Teri Wiersig
Registered Agent for Bioclean Remediation, LLC
12439 Capulet Court
Foley, AL 36535

**Please serve Defendant Jerry D. Wiersig at:**

Jerry D. Wiersig
12439 Capulet Court
Foley, AL 36535